STATE *v.* PERCY STEVENSON.

(*November 24, 1936.*)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*P. Warren Green*, Attorney-General, *Robert H. Richards, Jr.*, and *C. Edward Duffy*, Deputy Attorneys-General, for the State.

*John W. Huxley, Jr.*, for the defendant.

Court of Oyer and Terminer for New Castle County. Indictment for Murder of the First Degree, No. 67, November Term, 1936.

LAYTON, C. J., in charging the jury, among other things, said:

The defense offered is self-defense, and some general observations concerning that defense are necessary: First, the burden of establishing self-defense to the satisfaction of the jury rests upon the prisoner; second, the general rule is that one who kills another, to be justified or excused on the ground of self-defense, must have been without fault in provoking the difficulty and must not have been the aggressor and must not have provoked, brought on, or encouraged the difficulty or produced the occasion which made it necessary for him to do the killing. A person very plainly has not the right to provoke a quarrel and then take advantage of it to justify the homicide arising from the quarrel which he himself provoked. Third, no looks, or gestures, however insulting, and no words, however offensive they may be, can amount in law to a provocation sufficient to justify an assault. Fourth, in repelling or resisting an assault, no more force may be used than is necessary for the purpose; and if a defendant uses more force than is reasonably necessary he himself becomes the aggressor, for the law recognizes the right of self-defense for the purpose of preventing but not revenging an injury to the person.

Where one is attacked, even though the attack

be of such character as to create in his mind a belief that he is in danger of death or great bodily harm, yet it is the duty of the one attacked to retreat if he can safely do so or to use such other reasonable means as are within his power to avoid killing the assailant, for no one may take the life of another even in the exercise of the right of self-defense unless there are no other available means to escape from death or great bodily harm.

But the law gives to every one the right to protect his person from unlawful assault and injury by opposing force to force, and one is not obliged, in a proper case, to wait until he is actually struck by an impending blow. If a weapon be raised to shoot or strike, or the danger of other personal violence be imminent, the person in such danger may protect himself by striking the first blow, but only for the purpose of repelling and preventing the attempted injury to himself. Where one is assaulted in a sudden affray, and, in the judgment of the jury, honestly believed on reasonable and sufficient grounds that he is in danger of death or of suffering great bodily harm, he would have in self-defense the right to use a deadly weapon against his assailant; but in exercising such right in a manner likely to cause death or great bodily harm to his assailant he must be closely pressed by him and must have retreated as far as he conveniently and safely could in good faith and with the honest intention to avoid the peril of the assault. It is not sufficient that the one attacked believed himself to be in danger of death or great bodily harm at the hands of the assailant, but the circumstances must be such, in your judgment, as to justify a reasonable man in such belief, and further that there was no reasonable way of avoiding or escaping from such danger except by killing the assailant; nor is a person justified in taking the life of another because such other person is a bad man or of

low character, or because the person making the assault has been previously assaulted or threatened by the other.

These are the general principles governing the law of self-defense, but the situation here presented by the evidence is somewhat unusual, for there is no evidence that when the prisoner fired the fatal shot the deceased was making or threatening to make any attack whatsoever upon him. The evidence on the part of the prisoner is that Johnson, a companion of the deceased, with a knife in his hand, and while on the sidewalk of the beer garden, made a step forward from the curb toward the place on which the prisoner was then standing, and that the prisoner shot not to ward off an attack made upon him by the deceased, but to defend himself against a threatened attack at the hands of Johnson. In this connection, gentlemen, the law is that where the proof shows a state of affairs which would excuse the killing of an assailant under the law of self-defense, that emergency will be held to excuse the person attacked from culpability if in attempting to defend himself he unintentionally and without negligence kills a third person. 13 *R. C. L.* 811; 1 *Michie on Homicide,* 450; *Pinder v. State,* 27 *Fla.* 370, 8 *So.* 837, 26 *Am. St. Rep.* 75; *State v. Benham,* 23 *Iowa* 154, 92 *Am. Dec.* 416; *Plummer v. State,* 4 *Tex. App.* 310, 30 *Am. Rep.* 165.